**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Rhodes, | No. CV-18-02063-PHX-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Scottsdale Community College, | |
| Defendant. | |

On January 10, 2019, Defendant Scottsdale Community College ("SCC") filed a Motion to Dismiss. (Doc. 14.) Plaintiff did not respond. On February 12, 2019, Defendant filed a Motion for Summary Disposition. (Doc. 15.) Again, Plaintiff did not respond. The Court ordered Plaintiff to show cause why he had not responded to the motions and warned Plaintiff that failing to respond could result in dismissal of his case. (Doc. 17.) Plaintiff then filed a motion for an extension of time to file a response because he claimed he had not received the motions. (Doc. 18.) Without explanation, Plaintiff also attached an Equal Employment Opportunity Commission Intake Questionnaire, a letter, and a series of emails. *Id*. Plaintiff's deadline for filing a response has passed, and no response has been filed. The Court has reviewed the filings and will grant Defendant's motions.

**I.  COMPLAINT**

Plaintiff's Complaint alleges that SCC discriminated against him on the basis of age and race. (Doc. 1.) He claims that he sought employment as a teacher. *Id*. An unnamed Culinary Director told Plaintiff he was too old, lied about hiring procedures, sent

defamatory emails to hiring staff, harassed him, and filed false evaluations. *Id*. Apparently Plaintiff was hired, because his employment was then terminated and given to another instructor. *Id*.

## II. STANDARD OF REVIEW

A motion under 12(b)(6) must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp.,* 550 U.S. at 555. Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. So, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681.

If the plaintiff "fails to state a claim on which relief may be granted," the District Court must dismiss the claim. 28 U.S.C. §1915(e)(2)(B)(ii). But, a "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). While dismissal is appropriate if the complaint's deficiencies cannot be cured by amendment, if the pleading can be remedied through the addition of facts, the claimant should be granted an opportunity to amend a complaint prior

to final dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000).

### III. DISCRIMINATION AND RETALIATION CLAIMS

Plaintiff potentially raises three claims in his Complaint: age discrimination, race discrimination, and retaliation. A complaint of racial discrimination in employment must plead facts supporting the conclusion that a plaintiff: (1) belongs to a protected class; "(2) . . . performed . . . [his] job satisfactorily; (3) . . . suffered an adverse employment action; and (4) . . . [was] treated . . . differently than a similarly situated employee who does not belong to the same protected class as . . . plaintiff." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).

Furthermore, a claimant can establish a claim of age discrimination if he pleads facts demonstrating: (1) he is over forty years old; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) he was replaced with a younger person with similar qualifications or under facts suggesting discrimination. *See Diaz v. Eagle Produce Ltd.*, 521 F.3d 1201, 1207-08 (9th Cir. 2008).

Finally, "to establish a prima facie case of retaliation, a plaintiff must demonstrate: (1) a protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the adverse employment action." *Cornwell*, 439 F.3d at 1034-35.

### IV. MOTION TO DISMISS

Defendant's Motion to Dismiss argues that SCC is not a jural entity and is therefore not a properly named defendant. Furthermore, Plaintiff has pleaded insufficient facts to support his claims. The Court agrees with both contentions.

#### a. SCC IS NOT A JURAL ENTITY

An agency of the state is entitled to sovereign immunity–it cannot be sued without its consent. *Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1035 (9th Cir. 1999). Furthermore, under the Federal Rules of Civil Procedure, the "capacity to sue or be sued is determined . . . by the law of the state where the court is located." Fed.R.Civ.P. 17(b). "State agencies that may sue and be sued are known as jural entities; non–jural entities are not subject to suit." *Williams v. City of Mesa Police Dept.*, CV-09-1511-PHX-LOA, 2009

WL 2568640, at *2 (D. Ariz. Aug. 18, 2009) (citing *Morgan v. Arizona*, CV-06-346-TUC-FRZ (JCG), 2007 WL 2808477, at *8 (D. Ariz. 2007). In Arizona, state entities may only be sued through a legislative determination. *See Schwartz v. Superior Court*, 925 P.2d 1068, 1070 (Ariz. App. 1996) No legislative statute confers the power to be sued upon Arizona community colleges. *See* A.R.S. §15-1401 *et seq.* However, the governing board of an Arizona community college district does have the ability to sue and be sued. A.R.S. §15-444(B)(3).

Defendant concedes that SCC is a member of the Maricopa County Community College District, established under A.R.S. §15-1401 *et seq.*, and that it is operated by the district board. (Doc. 14 at 2.) The Court will dismiss Plaintiff's claim because it finds that SCC is a non–jural entity and is therefore not a properly named Defendant. However, because Plaintiff may amend the complaint to add the Maricopa County College District Board, which Defendant concedes is a jural entity, the Court dismisses the Complaint without prejudice.

### b. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM

In addition, the Court agrees that the Complaint has failed to plead facts supporting either an age discrimination or race discrimination claim. Plaintiff's barren statements are conclusory. The Culinary Director who Plaintiff claims discriminated against him is unnamed, and the Director's association with Scottsdale Community College is unstated.

Furthermore, Plaintiff's Complaint and the attachments to his motion to extend time create no reasonable inference that his termination was based on either race or age. In fact, his attachments suggest a termination based on insufficient performance. Plaintiff must plead facts showing he was qualified for his employment position and was not hired or was terminated because of his race or age. Plaintiff provides no factual support for his claim.

Furthermore, the Court cannot distinguish what adverse action was taken against Plaintiff: whether he was never hired, whether he was hired and then fired, or whether he was replaced by a younger employee. It is unclear how Plaintiff was discriminated against in hiring, when it appears from his factual allegations he was hired and then subsequently

released after students complained.

In addition, Plaintiff has not pleaded facts indicating that another similarly situated individual was treated more favorably. He states merely that his teaching job was given to another instructor. This is insufficient.

Finally, none of the pleaded facts or the attached communications to his motion to extend reveal discriminatory motive. Plaintiff has not established causation for a retaliation claims.

In conclusion, the Court cannot draw a reasonable inference that Defendant's actions raise a plausible claim of age discrimination, sex discrimination, or retaliation. However, the Court finds that the deficiencies in the Complaint may be resolved through amendment though the pleading of additional facts and addition of proper parties. If Plaintiff believes he can cure the substantial difficulties in the Complaint, he may file an Amended Complaint within 30 days of the date of this Order.

If Plaintiff chooses to file an Amended Complaint, Plaintiff must write short, plain statements telling the Court: (1) the right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. Conclusory allegations that a Defendant has violated a constitutional right are not acceptable and will be dismissed.

Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and Local Rules for the District of Arizona, both of which can be found on the Court's web site at www.azd.uscourts.gov. Plaintiff is advised that a Handbook for Self-Represented Litigants is available on the Court's website at: http://www.azd.uscourts.gov/handbook-self-represented-litigants. In addition, Step Up to Justice offers a free, advice–only clinic

for self–represented civil litigants on Thursdays from 1:30 p.m. to 3:30 p.m. If Plaintiff wishes to schedule a clinic appointment, he should contact the courthouse librarian, Mary Ann O'Neil, at MaryAnn_O'Neil@LB9.uscourts.gov.

Accordingly, IT IS ORDERED:

1) Defendant's Motion to Dismiss (Doc. 14) and Motion for Summary Disposition (Doc. 15) are GRANTED.
2) The Complaint is DISMISSED without prejudice. (Doc. 1.)
3) Plaintiff may file a First Amended Complaint within thirty (30) days of the date of this Order. If Plaintiff fails to file an Amended Complaint within thirty (30) days of the date of this Order, the Clerk of Court shall, without further notice, enter a judgment dismissing this case with prejudice.

Dated this 14th day of May, 2019.

Honorable Raner C. Collins
Senior United States District Judge