**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Rhodes,<br><br>        Plaintiff,<br><br>v.<br><br>Scottsdale Community College, et al.,<br><br>        Defendants. | No. CV-18-02063-PHX-RCC<br><br>**ORDER** |

Pending before the Court is Defendant Scottsdale Community College's Partial Motion to Dismiss First Amended Complaint ("Motion"). (Doc. 36.) Plaintiff's First Amended Complaint ("FAC") alleges discrimination based on age and race; retaliation; hostile work environment; and a violation of 42 U.S.C. § 1983. Defendant asks the Court to dismiss Plaintiff's discrimination and hostile work environment claims. Furthermore, Defendant asks the Court to dismiss Plaintiff's § 1983 claim, and Plaintiff responded consenting to dismissal. For the reasons stated herein, the Court will require Defendant to answer Plaintiff's age discrimination and retaliation claims, but dismisses the racial discrimination, § 1983, and hostile work environment claims.

**I.      FACTUAL SUMMARY**

Plaintiff's FAC alleges that he was a Caucasian, Adjunct Culinary Arts Instructor employed by Defendant. When Plaintiff learned of two job openings for Front of House Manager and Executive Chef, he spoke to his supervisor–an African American man– about applying for the positions. The supervisor told Plaintiff he was "too old" and "too

fat" to get the jobs. Despite the discouragement, Plaintiff applied and was asked to interview with the hiring board. Before the interview, Plaintiff's supervisor sent an email to the board indicating that Plaintiff had not properly cleaned the kitchen after a class. The supervisor later rescinded this statement, but only to Plaintiff; he did not inform the board that his allegations were false.

Plaintiff was not selected for either position; the positions were given to two African American males under the age of 40. Plaintiff alleges these individuals were less qualified for the position than Plaintiff.

Plaintiff then complained to Human Resources about the supervisor's statements. After the complaint, Plaintiff (1) received another false review from his supervisor, (2) had one class cancelled, and (3) had one class given to another instructor. With no classes remaining, Defendant did not renew its employment contract with Plaintiff.

## II. STANDARD OF REVIEW

A motion under 12(b)(6) must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. Meaning, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] . . . a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. So, although a plaintiff's specific factual

allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

If the plaintiff "fails to state a claim on which relief may be granted," the District Court must dismiss the claim. 28 U.S.C. §1915(e)(2)(B)(ii). But, a "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Dismissal is appropriate if the complaint's deficiencies cannot be cured by amendment; but if the pleading can be remedied through the addition of facts, the claimant should be granted an opportunity to amend a complaint prior to final dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000). However, repeated failure to cure deficiencies may affect whether the court should grant leave to amend yet again. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). In fact, the Court's discretion to deny leave to amend is particularly broad where a plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996); *see Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("[A] district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally.").

### III. RACIAL DISCRIMINATION CLAIM

Defendant's Motion claims that Plaintiff's alleged facts fail to demonstrate that racial animus motivated the employment decision. In addition, Defendant argues, Plaintiff has only made conclusory statements that the individuals hired were similarly situated to Plaintiff.

A complaint of racial discrimination in employment must plead facts demonstrating "(1) he was a member of a protected class, (2) he was qualified for the position he sought . . . , (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance

suggests discriminatory motive." *Pinder v. Emp't Dev. Dep't.*, 227 F.Supp.3d 1123, 1137 (E.D. Cal. 2017) (citing *Peterson v. Hewlett–Packard Co.* 358 F.3d 599, 603 (9th Cir. 2004) (finding discrimination claim must be "more than purely conclusory allegations of alleged discrimination, with no concrete, relevant particulars." (internal citation and quotation marks omitted)). While a claimant need not establish a prima facie case of discrimination to withstand a motion to dismiss, he must meet the minimal pleading standards set forth in the Federal Rules of Civil Procedure. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002); *see also Al-Kidd v. Ashcroft*, 580 F.3d 949, 976 (9th Cir. 2009), *rev'd on other grounds sub nom., Ashcroft v. Al–Kidd*, 131 S. Ct. 2074 (2011) (noting that *Twombly* reaffirmed the pleading requirement for discrimination claims as stated in *Swierkiewicz*). "The issue [on a motion to dismiss] is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* So, at this stage, a claimant's allegations need only "nudge . . . the claim across the line from conceivable to plausible." *Al-Kidd*, 580 F.3d at 976.

Plaintiff's racial discrimination allegations, however, do not cross this line. Plaintiff alleges only that two African American men were hired instead of him and that his supervisor was also African American. The basic fact that all three individuals were African American does not, in and of itself, suggest racial bias. There is no direct evidence of racial animus. While the supervisor said Plaintiff was "too old" and "too fat" to get the jobs, he made no comment about Plaintiff's race. Moreover, the proffered circumstantial evidence–that both supervisor and the hired employees were African American–is a barren, conclusory allegation that does not lead a reasonable fact finder to connect the hiring decision to racial animus. There are no operative facts suggesting that either the supervisor or the hiring board made its employment determination based on Plaintiff's race. Plaintiff's allegations simply do not raise the claim above the speculative level, and do not provide the minimal support necessary to infer discrimination. *See Iqbal*, 556 U.S. at 678. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). These conclusory allegations

will not withstand a motion to dismiss.

In addition, Plaintiff has had an opportunity to amend, was given several extensions of time to develop his claims and consult with the Pro Se Clinic, and was informed by the Court as to the deficiencies in the previous complaint, but has not remedied the deficiencies. Moreover, his response to the Motion to Dismiss offers no reason for the Court to conclude that amendment would be effective. Therefore, the Court will dismiss this claim with prejudice.

**IV.    AGE DISCRIMINATION CLAIM**

Defendant next asserts that Plaintiff's age discrimination claim fails because he has not connected his failure to be hired to discriminatory animus based on age and Plaintiff's claim that the individuals hired were less qualified for the positions is conclusory and does not show the employees were similarly situated.

An age discrimination claim must plead facts demonstrating the claimant: (1) is over forty years old; (2) suffered an adverse employment action; (3) was qualified for the position; and (4) was replaced with a younger person with similar qualifications or under facts suggesting discrimination. *See Diaz v. Eagle Produce Ltd.*, 521 F.3d 1201, 1207-08 (9th Cir. 2008). Furthermore, when a claimant alleges that a biased employee caused the hiring process to become discriminatory, "the critical question is not whether a biased subordinate had input, but whether he had *impact* . . . the issue is whether the biased subordinate's discriminatory reports, recommendation, or other actions caused the adverse employment action." *See, e.g.*, *Furline v. Morrison*, 953 A.2d 344, 356 (D.C. 2008) (emphasis in original). "[I]f a subordinate, in response to a plaintiff's protected activity, sets in motion a proceeding by an independent decisionmaker that leads to an adverse employment action, the subordinate's bias is imputed to the employer if the plaintiff can prove that the allegedly independent adverse employment decision was not actually independent because the biased subordinate influenced or was involved in the decision or decisionmaking process." *Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1141 (9th Cir. 2001).

Here, Plaintiff alleges that his supervisor made a discriminatory remark that Plaintiff would not be hired because of his age, and shortly thereafter took credit for ensuring that Plaintiff was not hired by the board. At the pleading stage, the Court finds this creates a sufficient nexus between the discriminatory remarks and the adverse employment action. *See Mustafa v. Clark Cty. Sch. Dist.*, 157 F.3d 1169, 1190 (9th Cir. 1998).

Finally, Plaintiff alleges that other individuals applied for the same jobs, interviewed in front of the same board, and were offered the positions despite Plaintiff being more qualified. While this allegation may not survive summary judgement, it sufficiently pleads that the individuals were similarly situated and survives motion to dismiss. Plaintiff has demonstrated that he should be permitted to offer further evidence to support this claim. *See Al-Kidd*, 580 F.3d at 976.

## V. HOSTILE WORK ENVIRONMENT CLAIM

Third, Defendant states that the comments made to Plaintiff do not raise to the level of creating a hostile work environment. The Court agrees.

"An employer is liable under Title VII for conduct giving rise to a hostile environment where the employee proves (1) that he was subjected to verbal or physical conduct of a harassing nature, (2) that this conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109 (9th Cir. 2000) (quoting *Pavon v. Swift Trans. Co.*, 192 F.3d 902, 908 (9th Cir. 1999)). The "objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Id*. (quoting *Montero v. AGCO Corp.*, 192 F.3d 856, 860 (9th Cir. 1999)). As Ninth Circuit has explained:

> To determine whether conduct was sufficiently severe or pervasive to violate Title VII [due to a hostile work environment], we look at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere

offensive utterance; and whether it unreasonably interferes with an employee's work performance.

*Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003), *as amended*, (Jan. 2, 2004) (internal citations and quotation marks omitted); *see also Kortan*, 217 F.3d at 1104 (plaintiff who alleged supervisor mailed postcards to her home, stated females are "castrating bitches," and called the plaintiff "Medea," did not raise a hostile work environment claim); *Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir. 2003) (plaintiff who alleged coworkers made racist remarks, called him "China man," and "pulled their eyes back with their fingers in an attempt to imitate or mock the appearance of Asians" did not create a hostile work environment); *but see Fuller v. Idaho Dep't of Corr.*, 865 F.3d 1154, 1163 (9th Cir. 2017) (employer who sided with plaintiff's alleged rapist raised sufficient hostility to withstand summary judgment).

As pleaded, Plaintiff alleges that on one occasion his supervisor called him "too old" and "too fat" to get the Front of House Manager and Executive Chef positions. In addition, the supervisor sent an email to the hiring board, falsely stating that Plaintiff's job performance was subpar. Plaintiff also alleges he was given a negative performance review, one of his culinary classes was cancelled, and he was replaced in a second class. Plaintiff has not pleaded facts showing that his treatment was frequently and severely abusive, such that it created an objectively hostile work environment. Neither have Plaintiff's FAC nor his response to Defendant's Motion suggested he can plead any further hostile actions that could support this claim. Because Plaintiff has had a previous opportunity to amend, has not remedied this deficiency, and gives no indication that amendment would resolve the problems, the Court finds amendment would be futile and dismisses this claim with prejudice.

**VI.    § 1983 Claim**

Plaintiff has conceded that his § 1983 claim may be dismissed. The Court will grant this request.

///

Accordingly, IT IS ORDERED:

1. Defendant Scottsdale Community College's Partial Motion to Dismiss First Amended Complaint is GRANTED IN PART. (Doc. 23.) Within 21 days of the date of this Order, Defendant must answer Plaintiff's age discrimination and retaliation claims. Plaintiff's hostile work environment and racial discrimination claims are DISMISSED with prejudice.
2. Plaintiff's claim under 42 U.S.C. § 1983 is voluntarily DISMISSED.

Dated this 23rd day of December, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge